(C.D. 2878)

BEST & Co. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided January 30, 1967)

*Brooks & Brooks* for the plaintiff.
*Barefoot Sanders,* Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: Certain baby carriages covered by the protests enumerated in the schedule, attached to and made a part of the decision herein, were classified by the collector of customs as articles or wares, not specially provided for, composed wholly or in chief value of steel, in paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and assessed with duty at the rate of 19 per centum ad valorem.

It is the contention of plaintiff herein that said merchandise should properly have been classified as carriages, in chief value of steel, in paragraph 397 of said act, as modified by Presidential Proclamation No. 3468, 97 Treas. Dec. 157, T.D. 55615, supplemented by Presidential Proclamation No. 3479, 97 Treas. Dec. 430, T.D. 55649, for which duty at the rate of 17 per centum ad valorem is provided.

The parties hereto have stipulated and agreed as follows:

1.  that the merchandise herein consists of baby carriages, in chief value of steel, covered by entry 730401 of July 28, 1962, entry 724577 of July 22, 1962 and entry 712180 of July 16, 1962

2.  that said baby carriages were assessed with duty at the rate of 19 per centum ad valorem under paragraph

397, Tariff Act of 1930, as modified by T.D. 54108, under the provision for

> \*         \*         \*
>
> Articles \* \* \* not specially provided for, whether partly or wholly manufactured:
>
> \*         \*         \*
>
> \*         \*         \*
>
> Composed wholly or in chief value of \* \* \* steel \* \* \*
>
> \*         \*         \*
>
> Not wholly or in chief value of tin or tin plate
>
> \*         \*         \*
>
> Other, composed wholly or in chief value of \* \* \* steel, \* \* \* (except \* \* \* )_____ 19% ad val.

3. that prior to the time each of the involved entries had been filed the rate of 19%, applied by the Collector of Customs, had been reduced to 17% ad valorem under Presidential Proclamation No. 3468 which modified the pertinent provisions of said paragraph 397 as follows (97 Treas. Dec. 157, 350, T.D. 55615):

> \*         \*         \*
>
> Articles \* \* \* not specially provided for, composed wholly or in chief value of \* \* \* steel \* \* \* (except lead, tin or tin plate), partly or wholly manufactured, not plated with platinum, gold or silver, and not colored with gold lacquer:
>
> \*         \*         \*
>
> Carriages, \* \* \*_____ 17% ad val.

4. that the above rate of 17% ad valorem became the binding rate for such baby carriages on July 1, 1962 by virtue of Presidential memorandum, dated June 20, 1962, 97 Treas. Dec. 430, 487–489, T.D. 55649, and

5. that the instant protests may be submitted on the basis of this stipulation of fact.

Upon the agreed facts of record, we hold that the merchandise in issue should properly have been classified as carriages, in chief value of steel, in paragraph 397 of the Tariff Act of 1930, as modified by Presidential Proclamation No. 3468, and supplemented by Presidential Proclamation No. 3479, *supra*, and subjected to duty at the rate of 17 per centum ad valorem. That claim in the protests is, therefore, sustained. As to all other merchandise and all other claims, the protests are overruled.

Judgment will be entered accordingly.